**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**MICHAEL AGASIVA, aka JAMES FRANKLIN SATELE,
Defendant.**

High Court of American Samoa
Trial Division

CR No. 30-02

October 21, 2002

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Asst. Attorney General
For Defendant, Bentley C. Adams III, Asst. Public Defender

ORDER DENYING MOTION FOR NEW TRIAL

On August 22, 2002, defendant was convicted by jury of the crimes of trespass, a class A misdemeanor, and assault in the second degree, a class D felony. On September 4, 2002, defendant was adjudicated guilty of the two offenses and sentenced to concurrent terms of imprisonment of one year for the misdemeanor conviction and five years for the felony conviction. On September 10, 2002, defendant moved for a new trial. The Court heard and took under advisement the motion on October 11, 2002. Both counsel were present and submitted the motion on their written arguments.

## Discussion

Defendant alleges as error entitling him to a new trial: (1) incompetent children were allowed to testify; (2) the report of the attending emergency medical technician was not admitted into evidence; (3) proposed defense instructions were not given to the jury; (4) the sentence exceeded the statutorily authorized period; and (5) the evidence was insufficient to sustain beyond a reasonable doubt the jury's verdict of

defendant's guilt.

## A. Child Witness Competency

■ Three children, ages 9, 10 and 11, were allowed to testify. Outside the jury's presence, each child was questioned on *voir dire* examination, which included cross-examination by defendant's counsel. The Court evaluated each child's examination, using the standard recently enunciated in *American Samoa Government v. Va`ai*, 6 A.S.R.3d 223 (Trial Div. 2002). Based on each child's answers as a whole and witness demeanor, we found that each child understood the obligation to testify truthfully, and had the mental capacity to accurately perceive the events at issue when they occurred, to recollect those events at the time of trial, and to understand questions about those events and express in words from memories of them. Defendant has not provided any persuasive challenge to our findings that each child was competent to testify.

## B. The Emergency Medical Technician's Report

■ We did not disallow as evidence the report of the emergency medical technician because, as defendant claims, of its hearsay content. Rather, the report was inadmissible as evidence because it was not certified as a public record in accordance with T.C.R.Ev. 902(4). Moreover, the emergency medical technician was available but was not called to testify. We stand by our ruling that the report was inadmissible without a proper foundation.

## C. The Proposed Defense Jury Instructions

*Defense of Justification and Use of Force by Persons Responsible for Another's Care, Discipline, or Safety—Requested Instruction No. 3 (A.S.C.A. § 46.3311 in part)*

*Definition of "Normal Parental Discipline"—Requested Instruction No. 11 (A.S.C.A. § 45.0103(20))*

*Cultural Child Rearing Practices—Requested Instruction No. 12 (A.S.C.A. § 44.2001(a)(2))*

■ Defendant sought to interject with these three instructions the defense of justification as a person entrusted with the care, discipline, or safety of a minor. We rejected these instructions principally because this defense was not fairly raised by the evidence. Defendant's *matai* status in the village and the child victim's family standing alone did not establish any basis for a reasonable inference that he had any disciplinary authority with respect to the child victim. No other evidence was presented of any

such entrustment in his *matai* capacity.

■ Proffered instruction No. 3 also omitted the statutory restraints in A.S.C.A. § 46.3311(a)(2) on the acceptable extent of force imposed. Furthermore, the concepts of "normal parental discipline" and "accepted child-rearing practices of the culture" are expressly applicable to child abuse or neglect proceedings under the juvenile code for the guidance to authorities handling such matters. They do not, at face value, have direct application to prosecutions under the criminal code. Besides, defendant was not the child victim's parent. Finally and most importantly, the instructions on the second and third degree assaults adequately informed the jury on the standards for their factual findings at issue.

*Lesser Included Offense of Assault in the Third Degree— Requested Instruction No. 6 (A.S.C.A. § 46.3522(a)(1), (3), (4), and (5))*

■ Defendant sought to interject, as lesser-included offenses of second degree assault, several alternative means of committing third degree assault. The jury was instructed on the lesser offense of third degree assault committed when the actor attempts to cause physical injury to another person, as set forth in A.S.C.A. § 46.3522(a)(1). Under the evidence, defendant clearly struck the child victim. The evidence fit this means of committing third degree assault as a lesser-included offense of second degree assault, alleged as attempting to cause physical injury to another person by means of a dangerous weapon. The element of using a dangerous weapon, a bamboo stick in this case, was the difference between the two degrees of assault. Thus, under the evidence, the instruction given was the only appropriate third degree assault lesser-included offense instruction.

The evidence was not in keeping with assault in the third degree under A.S.C.A. § 46.3522(a)(3), (4), and (5). Those offenses focus more on the mental rather than physical effects that result when the victim is put in fear or at risk of injury, or experiences offensive or provocative contact. Defendant's conduct in this case went substantially beyond the commission of a third degree assault in any of these three ways. None of these ways was raised by the evidence.

*Lesser Included Offense of Disturbing Private Peace— Requested Instruction No. 8 (A.S.C.A. § 46.4502(a)(1) and (2))*

■ Defendant also sought to interject private peace disturbance as a lesser offense of second degree assault. This offense does not appear to be a lesser-included offense. The commission of second degree assault

does not require any finding on the nature of the location of the incident. The element of location on "private property" makes second degree assault and private peace disturbance apparently distinct offenses rather than greater and lesser included offenses.

In any event, as worded, the instruction included fighting on private property, which in no sense occurred in this case. The incident did not involve any fight between an adult male and nine-year-old female. Again, the emphasis in the offense of private peace disturbance is on the mental effect of causing the alarm, not the actual physical contact shown by the evidence in this case. This proffered instruction was clearly inapplicable under the evidence.

## D. The Authorized Sentence

■ Defendant asserts that the sentences of imprisonment, totaling five years, imposed on him exceeded statutory authority. He points out that the accusation in the information of second degree assault solely charges that he "attempted to cause physical injury" to the child victim by means of using a bamboo stick as a dangerous weapon. Second degree assault is a class D felony carrying a maximum punishment of five years' imprisonment and a $5,000 fine. *See* A.S.C.A. §§ 46.3521(c), 46.2301(4), 46.2101(a)(1). Defendant argues, however, that the word "attempt" necessarily brings into play the statutes that reduce an attempt to commit a class D felony to a class A misdemeanor carrying the maximum punishment of one year's imprisonment and a $1,000 fine. A.S.C.A. §§ 46.3401, 46.3404(3), 46.2301(5), 46.2102(a)(1).

Defendant disregards the "[u]nless otherwise provided" introductory language in A.S.C.A. § 46.3404. Second degree assault is always a class D felony, as provided in A.S.C.A. § 46.3521(c), regardless of the circumstances constituting the offense set forth in A.S.C.A. § 46.3521(a). The sentence imposed on defendant simply did not exceed statutory authority.

## E. Sufficiency of the Evidence

Defendant claims that the evidence was insufficient to convict him beyond a reasonable doubt. He bases this claim on his assertion that the child witnesses, who were the only eyewitnesses to the incident, were incompetent to testify and testified contradictorily.

As discussed above, we found, and still find, the three child witnesses competent to testify. The jury, as the trier of the facts, could believe their testimony, and the testimony of other witnesses, entirely, partially, or not at all. In doing so, the jury could resolve any contradictions in the

testimony. The jury clearly believed the child witnesses' testimony and resolved any contradictions in their testimony. On the basis of the evidence, the jury could, and clearly, did find beyond a reasonable doubt each and every element of the crimes of trespass as a lesser included offense of burglary in the second degree and assault in the second degree, and therefore defendant's guilt of committing those crimes. The evidence was sufficient to sustain defendant's convictions.

## Order

Defendant's motion for a new trial is denied. It is so ordered.